RPD:FJN
F. #2018R02303

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                        19 CR 004 (WFK)

RONELL WATSON,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE GOVERNMENT'S STATEMENT OF THE CASE, VOIR DIRE REQUESTS AND LIST OF NAMES AND PLACES

                                              RICHARD P. DONOGHUE
                                              UNITED STATES ATTORNEY
                                              Eastern District of New York
                                              271 Cadman Plaza East
                                              Brooklyn, New York 11201

Francisco J. Navarro
Assistant United States Attorney
    (Of Counsel)

## STATEMENT OF THE CASE

The defendant Ronell Watson is charged with three counts. Count One charges Ronell Watson with attempting to murder FBI Special Agent Christopher Harper on or about December 8, 2018. Count Two charges Ronell Watson with assaulting FBI Special Agent Christopher Harper on or about December 8, 2018. Count Three charges defendant Ronell Watson with discharging a firearm in furtherance of a crime of violence on or about December 8, 2018. Ronell Watson had pleaded not guilty to all three counts.

## PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government submits this letter to respectfully request that the Court, in addition to the Court's usual voir dire, ask the following specific questions during jury selection for this case:

1. Does any juror have any bias, prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office, the Federal Bureau of Investigation, the New York City Police Department, or any other law enforcement agency?

2. Have you, a family member or close friend ever been charged with a crime or been the subject of a criminal investigation? If so:

   a. What was the nature of the investigation?

   b. What was the outcome?

   c. Do you think you or your family member or friend were treated fairly by the criminal justice system?

2

     i. If you answered "no" to Question 2c, why do you feel that you, your family member or close friend were not treated fairly?

  3. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to a legal action or dispute with the United States, with any agencies or employees of the United States, or had any interest in any such legal action or dispute or its outcome? If so:

    a. What was the nature of the dispute?

    b. What was the outcome?

    c. Would those experiences impact your ability to be a fair and impartial juror in this case?

  4. Have you, or have any of your relatives or close friends ever been the victim of a crime and, if so, were you satisfied with any law enforcement response?

  5. Have you, or have any of your relatives or close friends ever been a witness in a grand jury investigation or been questioned in any matter by law enforcement agents?

  6. Have you, or have any of your relatives or close friends ever been a witness or a complainant in a prosecution, whether federal, state or local?

  7. Some of the government's witnesses in this case will be law enforcement officers.

      a.      Have you or any of your relatives or close friends had negative experiences with law enforcement officers? Describe those experiences. If so, would those experiences impact your ability to be a fair and impartial juror in this case?

      b.      Would you have any difficulty in finding the defendant guilty if the government proved its case beyond a reasonable doubt based solely on the testimony of law enforcement officers?

      8.      This case involves the use of force by a law enforcement officer. Do you have any feelings for or against the use of force by law enforcement officers, generally, that would impact your ability to be a fair and impartial juror in this case?

      9.      Do you feel predisposed for any reason to either believe or disbelieve a law enforcement officer's testimony?

      10.      Have you or any of your relatives or close friends been affected in any way by gun violence?

      11.      Is there anything about this case that causes you to favor one side over the other?

      12.      Do you have any knowledge about the parties or the case that might influence you in deciding the case?

      13.      Would you be able to set aside any sympathies or biases you may have for any of the parties, in reaching a verdict?

      14.      Is there any juror who feels that, even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

15. Will you be able to follow and apply the law as instructed by the Court, even if you disagree with it?

16. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

17. This case likely will involve listening to recordings, looking at television monitors, and reviewing typewritten and other exhibits. Do you have any medical or other problems, like eyesight or hearing difficulties, that would make it difficult for you to serve as a juror in this case?

## LIST OF NAMES AND PLACES

A. <u>Defendant and Defense Counsel</u>

    1. Ronell Watson

    2. Benjamin Yaster, Esq.

    3. Michelle Gelernt, Esq.

    4. Michael Padden, Esq.

B. <u>Seated at the Government's Table</u>

    1. Richard Donoghue, United States Attorney's Office

    2. Francisco Navarro, United States Attorney's Office

    3. Paralegal Specialist Angelina Thompson, United States Attorney's Office

    4. Paralegal Specialist Tareva Torres, United States Attorney's Office

    5. Special Agent Jose Charriez, Federal Bureau of Investigation

C. <u>Possible Witnesses and Other Names That May Be Referenced At Trial</u>

1. Hector Amissah

2. Dr. Alexander Barash

3. Karen Cunningham, Federal Bureau of Investigation

4. Michael Ercolano, Federal Bureau of Investigation

5. Molissa Gangapersad

6. Christopher Harper, Federal Bureau of Investigation

7. Jessica Lasek

8. Derrick McClarin, Federal Bureau of Investigation

9. Andre Morris, New York City Police Department

10. Shane Oravsky, Federal Bureau of Investigation

11. Matthew Parlo, New York City Police Department

12. Dr. Jeffrey Port, New York Presbyterian Hospital

13. Davie Rodriguez, New York City Police Department

14. Michael Sabric, Federal Bureau of Investigation

15. Samad Shahrani, Federal Bureau of Investigation

16. Taryn Sinclair

17. Dr. Mark Tannenbaum

18. Dr. Ruben Toribio, Kings County Medical Center

19. Bryce Ziegler, Federal Bureau of Investigation

D. <u>Places</u>

1. 1626 Canarsie Road, Brooklyn, New York

2. New Techniques Auto Body, 812 Remsen Avenue, Brooklyn, New York

      3.      Kingsbrook Jewish Medical Center

      4.      Kings County Medical Center

Dated:      Brooklyn, New York
              July 1, 2019

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney
                                        Eastern District of New York

                        By:      /s/ Francisco J. Navarro
                                        Francisco J. Navarro
                                        Assistant United States Attorney
                                        (718) 254-6007

cc:      Clerk of Court (WFK) (by ECF and Hand)
         Defense Counsel (by ECF)