

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AB:SPN/FJN
F. #201802303

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 3, 2019

By ECF

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ronell Watson
                 Crim No. 19-004 (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in opposition to the defendant's motion to dismiss Count Three of the indictment, which charges the defendant with discharging a firearm in relation to a crime of violence, in violation of 18 USC § 924(c). The defendant moves for dismissal of Count Three on the ground that, under the Supreme Court's recent decision in United States v. Davis, — S. Ct. —, 2019 WL 2570623 (2019), the crimes of attempted murder of a federal officer and assault of a federal officer, charged in Counts One and Two of the indictment, respectively, do not constitute valid predicate crimes of violence for the Section 924(c) offense charged in Count Three. See ECF Dkt. No. 71 ("Def. Mot."). The defendant is wrong. Accordingly, and for the reasons set forth below, the motion should be denied.

I.    *Davis* and Section 924(c)

      Section 924(c) imposes a mandatory consecutive term of imprisonment when a defendant uses or carries a firearm during, or possesses a firearm in furtherance of, a crime of violence or drug trafficking crime. The statute defines a "crime of violence" as a federal felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "Elements Clause"], or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "Residual Clause"].

18 U.S.C. § 924(c)(3). In Davis, the Supreme Court held that Section 924(c)'s Residual Clause was unconstitutionally vague in light of recent precedent invalidating similarly worded residual clauses in other statutes. 2019 WL 2570623, at *4-6 (citing Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II") (invalidating residual clause in Armed Career Criminal Act), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (invalidating residual clause in 18 U.S.C. § 16(b))). The Davis decision has no impact on Section 924(c) prosecutions predicated on Elements Clause crimes.

II. Counts One and Two Remain Valid Predicate Crimes of Violence Under Section 924(c)'s Elements Clause

Notwithstanding Davis's invalidation of Section 924(c)'s Residual Clause, Counts One and Two of the indictment remain valid predicate crimes of violence under Section 924(c)'s Elements Clause, as both offenses categorically involve the use, attempted use, or threatened use of physical force against the victim of the offenses. Watson's arguments to the contrary – chiefly, that each offense can be committed in ways that do not require the requisite use of force – are meritless.

A. The Categorical Approach

In determining whether an offense qualifies as a "crime of violence" under the Elements Clause of Section 924(c)(3)(A), courts employ a "categorical approach" under which they examine the statutory definition of the offense to determine whether it has an element that requires the actual, attempted, or threatened use of force. See United States v. Hill, 890 F.3d 51 (2d Cir. 2018) (amended opinion), cert. denied, 139 S. Ct. 844 (2019). The categorical approach requires that a "court identify the minimum criminal conduct necessary for conviction under a particular statute," examining only the statutory definitions of the offense, not the defendant's conduct in committing it. Id. at 55 (citation omitted).

The categorical approach is "grounded in reality, logic, and precedent, not flights of fancy." Id. at 56. Accordingly, a defendant seeking to establish that a predicate conviction is not a crime of violence must do more than apply "legal imagination" to the language of the statute; rather, "there must be a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence." Id. (quoting Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)); accord Moncrieffe v. Holder, 569 U.S. 184, 191 (2013) (the "focus on the minimum conduct criminalized by the . . . statute is not an invitation to apply 'legal imagination' to the . . .

2

offense"). The defendant therefore must show that the statute was applied in the "manner for which he argues" either in his own case or another's. Id.[1]

### B. Count One: Attempted Murder of a Federal Agent Is a Crime of Violence Under Section 924(c)'s Elements Clause

Watson argues that attempted murder of a federal agent, the offense charged in Count One, does not meet 924(c)'s definition of a crime of violence under the categorical approach because it can be "committed by omission – that is, by a defendant's failure to act." (Def. Mot. at 2). The argument is unpersuasive.

Watson rests his argument on the premise that Count One encompasses both attempted murder and attempted manslaughter, which, in turn, includes attempted voluntary and attempted involuntary manslaughter. (Def. Mot. at 3). Thus, Watson argues, the minimum conduct necessary to satisfy Count One is attempted involuntary manslaughter. To the extent the offenses listed by Watson fall within the reach of 18 U.S.C. § 1114(3), that does not support Watson's argument, because the statute is divisible.[2] See generally United States v. Jones, 878 F.3d 10, 16 (2d Cir. 2017) ("A statute is divisible if it lists elements in the alternative, and thereby defines multiple crimes but is not divisible if it instead lists various factual means of committing a single element." (internal quotation marks and alterations omitted)). Indeed, the elements of murder and manslaughter are set forth in two distinct statutory provisions, 18 U.S.C. § 1111 and § 1112, respectively, and require different proof as to the defendant's state of mind. In addition, 18 U.S.C. § 1113 provides different statutory penalties for attempted murder and attempted manslaughter. Here, the government

---

[1] The government notes that, although required by binding precedent, "the categorical approach is a particularly bad fit in § 924(c) cases because § 924(c) is a firearms enhancement provision that penalizes, in broad terms, the use of a firearm during violent crimes." In re Irby, 858 F.3d 231, (4th Cir. 2017). In that context, Watson's hypothesized murders by omission leave one to imagine – or struggle to imagine – a defendant discharging a firearm in the course of withholding medical care.

[2] The government notes that because attempted murder requires an intent to kill, it is not at all clear that "attempted involuntary manslaughter" constitutes an actual criminal offense. See, e.g., United States v. Moreno, 821 F.3d 223, 230 (2d Cir. 2016) (citing ruling of Connecticut Supreme Court for proposition that "it is logically impossible under Connecticut law to attempt to commit involuntary manslaughter as involuntary manslaughter is defined by an unintended result"); United States v. Zabawa, 134 F. App'x 60, 64 (6th Cir. 2005) (observing that because attempt is a specific intent crime, "the crime of attempted involuntary manslaughter appears, at first blush, something of an oxymoron"). For the same reason, attempted murder may not be committed through reckless conduct. See United States v. Kwong, 14 F.3d 189, 194–95 (2d Cir. 1994) (reversing attempted murder conviction where the trial court charged the jury that "a reckless and wanton course of conduct" was sufficient to establish the malice element).

3

intends to proceed on the theory that the defendant committed attempted murder, as defined by the elements of § 1111, not attempted manslaughter, much less attempted involuntary manslaughter.[3]

Watson cites no case in which the federal murder statute has been applied to a murder committed by omission, and thus has not established that there is a "realistic probability" that the statute could be applied to withholding of medical care. Hill, 890 F.3d at 56. Watson's reliance on United States v. Hatatley, 130 F.3d 1399 (10th Cir. 1997), in support of the proposition that murder can be "committed by failing to act, an omission lacking any use of force," Def. Mot. at 3, is deeply misleading. Hatatley affirmed a voluntary manslaughter conviction based in part on the defendant's having, as Watson describes it, left the victim to freeze on the side of the road, but the court also observed that "[t]he record is replete with evidence tending to show Defendant played a part in ejecting the victim from [an accomplice's] car, that Defendant persisted along with [the accomplice] in further beating and kicking the victim and that Defendant made no attempt to keep the victim from being left beaten and shirtless in the freezing desert wash." 130 F.3d at 1401, 1406. Watson's argument that such conduct represents an offense committed "by failing to act" and "an omission lacking any use of force" is absurd. (Def. Mot. at 3).

In any event, attempted murder in the first or second degree, whatever the means of committing the crime, constitutes a crime of violence under Section 924(c)'s Elements Clause. Indeed, the Second Circuit has held repeatedly, albeit in summary orders, that "attempted murder is a crime unmistakably involving an attempted use of physical force" under Section 924(c)'s Elements Clause. See United States v. Praddy, 729 F. App'x 21, 24 (2d Cir.), cert. denied sub nom. Jones v. United States, 139 S. Ct. 185 (2018) (internal quotation marks and alterations omitted) (addressing attempted murder under New York law); United States v. Scott, 681 F. App'x. 89, 94-95 (2d Cir. 2017) (same).[4] The holding in

---

[3] The government does not intend to seek a voluntary manslaughter instruction and is not aware of a factual basis to support an argument that, to the extent Watson shot Special Agent Harper, he did so in the heat of passion such that "the reason and judgment of the defendant was obscured or disturbed by passion to such an extent as would cause an ordinarily reasonable person of average disposition to act rashly and without deliberation and from passion rather than judgment." Leonard B. Sand, et al., Modern Federal Jury Instructions ¶ 41.02 at 41–16.

[4] Watson's motion does not alert the court to these persuasive decisions. See United States v. Payne, 591 F.3d 46, 58 (2d Cir.2010) ("[D]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases" (internal quotations and some alterations omitted)); United States v. Tejeda, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010) ("The Court is not persuaded that it is at liberty not only to disregard but contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order."). Instead, he notes that "previous decisions in this circuit concluding that murder qualifies as crime of violence under the residual clause are no longer binding or persuasive authority." (Def. Mot. at 4 n.2). Watson cites to a summary

4

Praddy relied in part on the Supreme Court's decision in United States v. Castleman, 572 U.S. 157 (2014), which clarified that even sprinkling poison in a victim's drink constitutes a use of force through the "act of employing poison knowingly as a device to cause physical harm," and that it "does not matter" that the harm is indirect, "rather than direct[] (as with a kick or punch)." 572 U.S. at 171.

In United States v. Peeples, 879 F.3d 282, 286–87 (8th Cir.), cert. denied, 138 S. Ct. 2640 (2018), the Eighth Circuit rejected the argument that attempted murder under an Iowa murder statute was not crime of violence because it might be committed through omission, such as by a care-giver failing to provide substance to a dependent. The Peeples panel had "no trouble finding that . . . attempted murder under the Iowa statute constitutes a crime of violence for the purposes of [U.S.S.G.] § 2K2.1(a)(4)," reasoning in part that:

> it is the act of withholding food with the intent to cause the dependent to starve to death that constitutes the use of force. It does not matter that the harm occurs indirectly as a result of malnutrition. Because it is impossible to cause bodily injury without force, it would also be impossible to cause death without force. Thus, an attempt to cause death would also require the use or attempted use of force.

879 F.3d at 286–87 (internal citations omitted); see also United States v. Waters, 823 F.3d 1062, 1066 (7th Cir. 2016) (holding that, under U.S.S.G. § 4B1.2(a)(1), an omission such as "withholding medicine causes physical harm, albeit indirectly, and thus qualifies as the use of force under Castleman"); In re Irby, 858 F.3d 231, 238 (4th Cir. 2017) (holding that "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another" and thus that a "conviction for second-degree retaliatory murder falls within the [elements] clause"); Bonilla v. United States, No. 07 CR 0097, 2017 WL 8813076, at *1 (E.D.N.Y. Aug. 23, 2017) ("Murder necessarily entails enough force to cause injury since there can be no greater injury than death."); but see United States v. Oliver, 728 F. App'x 107, 111–12 (3d Cir. 2018), reh'g denied (Apr. 23, 2018) (rejecting reasoning in Waters and Peeples on ground that they "conflate[d] indirect force, which Castleman held was sufficient to satisfy the use of force, with omissions").

In light of the foregoing, attempted murder of a federal officer clearly constitutes a crime of violence as defined in Section 924(c)'s Elements Clause.

---

order issued in United States v. Herron, 762 F. App'x 25 (2d Cir. 2019), as an example of a case in which the Second Circuit held that murder was a crime of violence "under the residual clause, not force clause," Def. Mot. at , 4 n.2, but the Herron panel also cited the Circuit's previous holdings that attempted murder categorically qualifies as a crime of violence under the Elements Clause, 762 F. App'x at 32 n.5.

5

C. Count Two: Assault With a Dangerous Weapon or
Causing Bodily Injury Constitutes a Crime of
Violence Under Section 924(c)'s Elements Clause

Watson argues a violation of 18 U.S.C. § 113(b) does not constitute a valid predicate crime of violence because, under a categorical analysis, forcible assault that results in bodily injury does not satisfy the requirements of Section 924(c)'s Elements Clause.[5] The argument is meritless.

In assessing whether a specified predicate offense requires force sufficient to satisfy the Elements Clause of Section 924(c)(3)(A), courts look to the Supreme Court's decision in Johnson v. United States, 559 U.S. 133, 139-40 (2010) ("Johnson I"), which interpreted the physical force component of ACCA's similarly-worded Elements Clause as meaning "simply 'violent force — that is, force capable of causing physical pain or injury to another person.'" Hill, 890 F.3d at 58 (quoting Johnson I, 559 U.S. at 140). As the Supreme Court recently explained,

> the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by Johnson [I] and 'suggest[s] a degree of power that would not be satisfied by the merest touching.' 559 U.S. at 139 . . . . The altercation [in a robbery] need not cause pain or injury or even be prolonged; it is the physical contest between the criminal and the victim that is itself 'capable of causing physical pain or injury.' Id., at 140.

Stokeling v. United States, 139 S. Ct. 544, 553 (2019).

---

[5] Watson apparently concedes that the use of a dangerous weapon in connection with forcible assault satisfies Section 924(c)'s Elements Clause, and rightly so. See, e.g., United States v. Taylor, 848 F.3d 476, 494 (1st Cir. 2017) ("A defendant who acts "forcibly" using a deadly or dangerous weapon under § 111(b) must have used force by making physical contact with the federal employee, or at least threatened the employee, with an object that, as used, is capable of causing great bodily harm."). Watson's argument that dismissal also is warranted because Count Two charges "every version of assault" covered by the statute (Def. Mot. at 5 n.3) is wrong, as the government is proceeding only on the aggravated version of the offense charged under § 111(b), i.e., involving use of a dangerous weapon or infliction of bodily injury.

6

Thus, the question presented here is "whether § 111(b) has as an element the use or attempted use of 'violent force—that is, force capable of causing physical pain or injury to another person.'" United States v. Rafidi, 829 F.3d 437, 445 (6th Cir. 2016) (quoting Johnson I, 559 U.S. at 140, and holding that Section 111(b) satisfies Section 924(c)'s Elements Clause). It clearly does, as virtually every court to have considered the issue has held. See, e.g., Taylor, 848 F.3d at 492–94 (observing that "every court we are aware of that has considered the issue has found that" § 111(b) is a crime of violence because the elements of the offense "require the use, attempted use, or threatened use of force capable of causing pain or injury" and collecting cases). This is so because to convict Watson of Count Two, the jury must find that Watson forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer and, further, in the course of that forcible action either used a deadly or dangerous weapon or, as relevant here, inflicted bodily injury. 18 U.S.C. § 113(b). As the First Circuit observed in Taylor:

> [Section 111(b) is] met when the defendant inflicts bodily injury in the course of the forcible assault. If "a slap in the face" counts as violent force under Johnson [I] because it is "capable" of causing pain or injury, a "forcible" act that injures does, too, because the defendant necessarily must have committed an act of force in causing the injury.

848 F.3d at 492–94 (some internal quotations and citations omitted); see also United States v. Hammond, 912 F.3d 658, 664 (4th Cir. 2019) ("[T]he Supreme Court has emphasized that, to constitute a crime of violence, a state offense need only require force that is 'capable of causing physical pain or injury,' such as a 'slap in the face.'" (quoting Johnson I, 559 U.S. at 140, 143)); Rafidi, 829 F.3d at 446 ("conviction for § 111(b) constitutes a 'crime of violence' within the meaning of § 924(c)(3)"); United States v. Hernandez–Hernandez, 817 F.3d 207, 215 (5th Cir. 2016) (decided under Sentencing Guidelines § 2L1.2); United States v. Green, 543 F. App'x. 266, 272 (3d Cir. 2013) (decided under Sentencing Guidelines § 4B1.1); United States v. Juvenile Female, 566 F.3d 943, 948 (9th Cir. 2009) (decided under 18 U.S.C. § 16); United States v. Jones, 105 F. Supp. 3d 233, 238 (E.D.N.Y. 2015) ("[A]lthough a § 111(a) conviction can be established on the basis of simple assault . . . the separate § 111(b) violation, which required proof of bodily injury . . . necessarily rested on the finding that [defendant] used "violent force," and therefore "physical force" within the meaning of [U.S.S.G. § 4B1.2(a)(1).4]"), vacated and remanded, 830 F.3d 142 (2d Cir. 2016), in turn withdrawn and vacated, 838 F.3d 296 (2d Cir. 2016).

Watson makes no mention of the holdings in his motion, nor does he cite any authority in support of his argument, except to cherry-pick a footnote from the Second Circuit's opinion in United States v. Villanueva, 893 F.3d 123 (2d Cir. 2018) to suggest that "serious physical injury" is required for an offense to constitute a crime of violence. (Def. Mot. at 5). The quoted portion of Villanueva did not – and could not, in light of Johnson I – impose such a requirement. Rather, the panel sought to distinguish the "serious physical injury" required by the Connecticut statute under consideration in Villanueva from the Connecticut assault statute at issue in Chrzanoski v. Ashcroft, 327 F.3d 188, 193 (2d Cir.

7

2003), which required only "physical injury" and, in contrast to the federal assault statute at issue here, did not "require[] the government to prove that force was used in causing the injury." Villanueva, 893 F.3d at 130 n.6. In any event, the language cited in Watson's brief was both dictum and, on the reading proposed by Watson, flatly at odds with Johnson I's holding that violent force need only involve force "capable of causing physical pain or injury to another person." 559 U.S. at 140.

In sum, the forcible assault of a federal officer charged in Count Two constitutes a valid predicate crime of violence under Section 924(c)'s Elements Clause.

III. Conclusion

For the foregoing reasons, the defendant's motion to dismiss Count Three of the indictment should be denied in its entirety.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

    /s/ Samuel P. Nitze
    Francisco J. Navarro
    Samuel P. Nitze
    Assistant United States Attorneys
    (718) 254-6007

cc:    All counsel (via ECF)